[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 26, 1996 Date of Application February 9, 1996 Date Application Filed February 15, 1996 Date of Decision May 27, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Numbers CR95-469601; CR95-142346; CR95-83789.
John Watson, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After a plea of guilty, petitioner was convicted of two counts of robbery in the first degree with a firearm, both in violation of General Statutes § 53a-134a and robbery in the first degree in violation of § 53a-134. As a result of such conviction, a sentence of 20 years execution suspended after eight years with three years probation was imposed on the first CT Page 7582 count. Concurrent sentences of eight years were imposed on counts two and three. The total effective sentence was 20 years execution suspended after eight years, three years probation.
The facts underlying petitioner's convictions indicate that on two successive days, February 3, 1995, and February 4, 1995, petitioner perpetrated armed robberies of two separate Subway shops. Both robberies involved petitioner entering the store with a ski mask and a semi-automatic pistol. Both robberies also involved the threatening of the store workers; and in the second robbery, the victim was placed in a freezer. The third offense involved a robbery of a drug store in which petitioner did not display a weapon, but indicated to the clerk that he had a gun pointed at that person. Petitioner was apprehended shortly after this robbery and confessed to the other robberies.
Petitioner's attorney argued for a reduction in sentence, claiming that the sentence imposed was excessive. He pointed out that the three robberies occurred in a very short period of time and that during the course of the robberies defendant had no desire to injure anyone. He used an unloaded pellet pistol. The attorney argued that petitioner was remorseful for his offenses and that he himself had been a victim of physical and mental abuse.
The attorney stated that petitioner did well in life until he became addicted to drugs and that he possibly had other psychological problems. The attorney argued that the sentence should have provided for more probation with some type of treatment. Speaking on his own behalf, petitioner indicated that he wished to return to society and that the cause of his criminal activity was drug addiction.
The state's attorney argued against any reduction in sentence. He pointed out that petitioner was on probation at the time the offenses occurred and that all of the offenses involved either the display of a firearm or the threat of a firearm. Drug use could not be allowed to excuse this type of criminal activity. The attorney argued that petitioner was responsible for his acts and that the sentence imposed was appropriate.
The sentence imposed here was well under the maximum sentence which could have been imposed for these crimes. The sentence was also less than the court-indicated sentence at the time of plea. The crimes involved here were of a most serious nature in which CT Page 7583 innocent people were terrorized and put in fear of their lives. The public should be protected from this type of criminal activity.
Under the circumstances of this case, it cannot be found that the sentences imposed were excessive, inappropriate or disproportionate.
Sentence affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.